IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

LOUIS KEYS,

                Plaintiff,                OPINION AND ORDER

v.

                                                18-cv-303-wmc

GABRIEL CHINIAS, *et al.*,

                Defendants.

*Pro se* plaintiff Louis Keys filed is proceeding in this civil lawsuit against employees of Columbia Correctional Institution and the Wisconsin Department of Corrections on Eighth Amendment and negligence claims for failing to administer the correct medication and subsequently failing to provide proper medical treatment to remedy Keys' injuries. Defendants filed their answer (dkt. 25), and the court entered a pretrial conference order (dkt. 28). Now before the court are Keys's motion to amend his complaint (dkt. 27), which will be granted, and his motion to enter default judgment against defendants for their alleged failure to respond to his first set of interrogatories, which will be denied (dkt. 29).

**I. Motion to Amend (dkt. 27)**

Keys's motion to amend is not accompanied by a proposed amended complaint. Instead, his motion lists four brief assertions and clarifications made "in response to" certain affirmative defenses asserted in defendants' answer. (Dkt. 27 at 1.) Specifically, plaintiff wants to note that: he has exhausted his administrative remedies; he refers to defendant Lindsey Walker in her "official capacity" as unit manager throughout his

complaint; the Eleventh Amendment prohibits suits against a "state or, a state agency"; and defendants "had full control over" the events plaintiff alleges occurred. (Dkt. 27 at 1.)

Plaintiff's proposed amendments are not factual allegations. Rather, plaintiff is anticipating legal arguments and defenses defendants might raise in a dispositive motion. It was unnecessary for him to amend his complaint to address these potential defenses and arguments because he will receive the opportunity to oppose those defenses and arguments when defendants assert them. That said, I will grant plaintiff's motion because he has not tried to amend his complaint before, and he filed this motion during the timeframe in which he was entitled to amend as a matter of course. *See* Fed. R. Civ. P. 15(a)(1)(B). Because plaintiff is not alleging any new facts that would change the nature of the claims on which he is proceeding or seeking to add any new defendants or claims, defendants need not file an amended answer.

**II. Motion for Default Judgment (dkt. 29)**

Plaintiff also moves for default judgment against defendants on the ground that they did not answer his first set of interrogatories. Where a party fails to answer interrogatories, the other party can move the court for an order compelling a response after making a good-faith effort to confer with the non-cooperative party. Fed. R. Civ. P. 37(a)(1), (a)(3)(B). If a party fails to obey a court order to provide discovery, the court "may issue further just orders" including a default judgment against the disobedient party. Fed. R. Civ. P. 37(b)(2)(A).

Here, defendants maintain they timely answered, attaching copies of plaintiff's interrogatories as received (dkt. 31-1) and their answers and responsive documents as mailed

(dkt. 31-2). Having received no reply from plaintiff by the April 6, 2020 deadline, I infer that plaintiff concedes receipt of defendants' answers and that the answers were timely and agrees that his motion should be denied as moot.

ORDER

IT IS ORDERED that:

1) Plaintiff Louis Keys' motion to amend his complaint (dkt. 27) is GRANTED. Defendants may stand on their original answer.

2) Plaintiff's motion for default judgment (dkt. 29) is DENIED as moot.

Entered this 2nd day of June, 2020.

BY THE COURT:

/s/

_____
STEPHEN L. CROCKER
Magistrate Judge