IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

LOUIS KEYS,

                      Plaintiff,                      OPINION AND ORDER

v.

                                                  18-cv-303-wmc

GABRIEL CHINIAS, *et al.*,

                      Defendants.

*Pro se* plaintiff Louis Keys is proceeding against employees of Columbia Correctional Institution ("CCI") and the Wisconsin Department of Corrections on Eighth Amendment and negligence claims for failing to administer the correct medication and subsequently failing to provide proper medical treatment to remedy Keys' resulting injuries. Before the court is defendants' motion to compel Keys to either (1) sign a medical release form authorizing the release of his medical records or (2) produce those records. (Dkt. 36.) Keys did not respond by his June 11, 2020, deadline. Although I am denying defendants' motion because the court does not compel parties to disclose confidential medical records in a lawsuit, I am warning Keys that a choice not to disclose the requested records in this case likely will lead to its dismissal with prejudice.

Defendants assert that, pursuant to a legitimate discovery request, they mailed Keys a medical records release authorization form on February 3, 2020. After Keys responded asking defendants to restrict their request to only those records relevant to the events of this case, defendants sent Keys a new release form limited to his records from September 2017 through January 2018. Keys has neither produced the requested records nor signed either release.

Keys must sign a medical authorization form or produce the requested medical records if he wants to continue litigating his claims in this lawsuit. Keys claims that between September of 2017 and January of 2018, Columbia Correctional Institution staff mishandled his medications three times and then failed each time to treat his resulting injuries. Accordingly, medical records and other information about Keys's health during that period are directly relevant to his claims. Because Keys's medical records are discoverable, I am ordering Keys either to produce all of the requested records or to return the requested medical authorization to defendants, signed and fully completed, within 14 days of this order, namely by July 3, 2020. The court will deem a failure to meet this deadline as a choice by Keys not to provide the requested records.

To be clear, Keys *does* have a choice, but this choice has consequences. Keys's failure to disclose the requested information likely will result in the court dismissing his claims in this lawsuit for his failure to prosecute. *See* Fed. R. Civ. P. 41(b); *Ball v. City of Chicago*, 2 F.3d 752, 755 (7th Cir. 1993) (dismissal for failure to prosecute appropriate once the judge gives "due warning" that the case is subject to dismissal). It is not fair to defendants for Keys to prosecute the claims that he has made here without giving defendants access to the information that underlies his claims so that defendants may investigate and defend against them. In sum, although I am denying defendants' motion as a technical matter, Keys must decide how he wishes to proceed.

ORDER

IT IS ORDERED that:

1) Defendants' motion to compel (dkt. 36) is DENIED insofar as the court will not compel Keys to permit access to his medical records.

2) Plaintiff Louis Keys may have until July 3, **2020**, to provide defendants either with a properly executed form consenting to disclosure of his medical records or with actual copies of all of the requested records. **If Keys declines to comply with this order, then he faces dismissal of this lawsuit with prejudice for failure to prosecute.** See **Fed. R. Civ. P. 41(b).**

Entered this 19th day of June, 2020.

BY THE COURT:

/s/

_____
STEPHEN L. CROCKER
Magistrate Judge