IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

LOUIS KEYS,

                Plaintiff,                              OPINION AND ORDER

v.

                                                        18-cv-303-wmc

GABRIEL CHINIAS, *et al.*,

                Defendants.

*Pro se* plaintiff Louis Keys is proceeding against employees of Columbia Correctional Institution ("CCI") and the Wisconsin Department of Corrections on Eighth Amendment and negligence claims for failing to administer the correct medication and subsequently failing to provide proper medical treatment to remedy Keys' resulting injuries. Before the court are Keys's motions: (1) to compel defendants to produce certain records (dkt. 39); (2) for a conference call to confirm that Keys submitted a signed medical release form authorizing the release of his medical records and to discuss a possible settlement with defendants (dkt. 43, 46); and (3) to deny defendants' motion for an extension to file summary judgment motions (dkt. 51). For the reasons stated below, I am denying these motions.

**I. Motion to Compel**

Keys asserts in his motion to compel that he has requested records defendants are apparently unwilling to provide. I understand Keys to be arguing that he is entitled to "every file that [defendants] have generated during their tenure" at the Department of Corrections ("DOC") because Keys believes that the question whether defendants are

"habitual violators of inmates' rights" is bound up in his deliberate indifference and negligence claims. Keys contends that this request is not problematic because the names of any nonparty inmates that may appear in these records can be obscured. In response, defendants state that Keys has not "explain[ed] his grievance," and assert that their responses to his discovery requests, including his five sets of requests for production,[1] have been and will continue to be timely. (Dkt. 45 at 2.)

I will deny Keys' motion without prejudice. Keys does not specifically identify the discovery responses that he believes are inadequate, so I cannot evaluate his claim. To the extent that Keys suggests that defendants objected to his production requests as overbroad, a request for "every file" defendants have ever "generated" at the DOC certainly seems overbroad, given the nature of the claims in this lawsuit. Although the scope of discovery in civil litigation is generally broad, Keys still is limited to information *relevant* to his claims and *proportional* to the needs of this case. *See* Fed. R. Civ. P. 26(b)(1) (allowing parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."). Here, Keys alleges that between September of 2017 and January of 2018, Columbia Correctional Institution staff mishandled his medications on three occasions and then failed each time to treat the resulting injuries. Defendants' records directly relevant to Keys' claims, then, include those related to these three incidents, and Keys' health and the administration of his medications during this period of time. Keys does not explain how defendants' records pertaining to

---

[1] Only Keys' first set of document requests is in the record. (Dkt. 31-4.) In this set, Keys repeatedly asks defendants to produce "[d]ocuments that pertain to each defendant that details all information about each defendant." (*See* dkt. 31-4 at 2-3.)

unrelated events involving other inmates are relevant to the question of whether defendants violated *his* rights as alleged in *this* case.

Keys may renew this motion if, after narrowing his production requests, defendants do not adequately respond. As noted, Keys should specify in a renewed motion which discovery request defendants are objecting to and explain why the basis of the objection is unfounded.

## II. Motions for a Conference Call

Keys has filed two motions for a conference call to confirm that he has submitted a signed medical release form authorizing the release of his medical records and to discuss a possible settlement with defendants. (Dkt. 43, 46.) He appears to be concerned with delays in sending mail to defendants and when using the e-filing program at his institution. (Dkt. 40, 43, 46 at 2.) Because defendants acknowledge in their amended response to Keys' motion to compel that they received his release form (dkt. 45 at 2), I will deny as moot Keys' requests for a conference call. As for Keys' desire to settle, the parties may contact Clerk of Court/Magistrate Judge Peter Oppeneer to schedule a mediation if *both* sides believe settlement is possible. The court is not going to force the defendants to the table if they don't want to be there.

## III. Motion to Deny Defendants' Request for an Extension of Time

Finally, Keys filed a motion on July 22, 2020 asking the court to deny defendants' request for a month's extension of the summary judgment motion deadline. (Dkt. 51.) I granted defendants' motion two days earlier and Keys gives me no reason to reverse course.

Indeed, Keys does not explain how he is prejudiced by a one-month extension, nor does he dispute defendants' assertion that they only just received his signed medical records release form. Even assuming, as Keys maintains, that defendants will be able to quickly obtain copies of his medical records, defendants must still review those records, consider what they contain, and depose Keys in preparation for summary judgment. Because defendants have requested a reasonable extension of time to do so, I will also deny this motion.

ORDER

IT IS ORDERED that:

1) Plaintiff Louis Keys' motion to compel (dkt. 39) is DENIED without prejudice.

2) Plaintiff's motions for a conference call (dkt. 43, 46) are DENIED as moot.

3) Plaintiff's motion to deny defendants' request for an extension of time to file summary judgment motions (dkt. 51) is DENIED.

Entered this 24th day of July, 2020.

BY THE COURT:

/s/

_____
STEPHEN L. CROCKER
Magistrate Judge