IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

LOUIS KEYS,

          Plaintiff,

v.

GABRIEL CHINIAS, *et al.*,

          Defendants.

OPINION AND ORDER

18-cv-303-wmc

*Pro se* plaintiff Louis Keys is proceeding against employees of Columbia Correctional Institution ("CCI") and the Wisconsin Department of Corrections on Eighth Amendment and negligence claims related to three discrete instances between September 2017 and January 2018 when CCI staff mishandled his medications. Specifically, Keys alleges that three correctional officers and a nurse failed to provide proper medical treatment after he was provided with and took the wrong medication, and a unit manager failed to take corrective action after the first incident. (Dkt. 21 at 11.) Before the court is plaintiff's motion to compel, which I will grant in part and deny in part. (Dkt. 54.)

I. Motion to Compel

Keys seeks to compel defendants to produce video footage of each of the three alleged incidents at issue in this case and to produce a 2017 incident report written by defendant correctional officer Gabriel Chinias.[1] (Dkt. 54.)

---

[1] To the extent Keys also is asking defendants to provide him with a complete copy of his medical records, he does not claim that his records have been made unavailable to him for inspection and copying, which is standard operating procedure. As for the four additional production requests Keys lists for the first time in his reply brief, I will not address them at this time because defendants have had no opportunity to respond. *See Mendez v. Perla Dental*, 646 F.3d 420, 423–24 (7th Cir. 2011) ("arguments raised for the first time in the reply brief are waived").

As for the incident report, Keys's motion does not indicate when or why the report he wants was generated. Defendants say he asked them for *all* Chinias's "files pertaining to conduct and incident reports throughout his tenure in D.O.C." (Dkt. 55 at 1.) Defendants reasonably objected to this request as overbroad. (Dkt. 55 at 1.) Keys's claims against Chinias are based on his alleged failure to render Keys aid on September 8, 2017, and Keys already has a copy of Chinias's report of that incident. (Dkt. 1-6.) Keys says he needs the additional records to establish Chinias's purported "history of injuring inmates with the wrong medication." Repeated medication distribution mistakes would be relevant to establishing Chinias's deliberate indifference, as well as to establishing inadequate supervision of Chinias by defendant Walker. Defendants already have indicated that there are only two such reports, and one of them involved Keys. Fair enough. Defendants must provide a copy of the other report to Keys, with all identifying information redacted.

Next, defendants must provide Keys with the opportunity to view the videos he has requested. Keys asked for "the hard drive of videos of each night burned to disc and all incident reports on All Defendants." (Dkt. 55 at 1.) Defendants objected, stating that the request was "too vague as to dates" and asking for clarification. (Dkt. 55 at 1.) That objection is well-taken as to Keys' request for *all* incident reports ever generated involving any of the defendants given the nature and scope of the claims in this lawsuit. But Keys's request for the videos is not vague, given that the dates and times of the alleged incidents are documented in the complaint and the court's screening order. (Dkt. 1 at 4-10; 21 at 2-4.) In context, Keys's request is clear.

Defendants assert that they received "clarification as to dates" from Keys on July

31, 2020, and "will provide a supplemental response," but do not signpost what that response might be. (Dkt. 55 at 1.) Defendants do not suggest that the videos do not exist, that they may raise security concerns, or that they are not relevant to Keys's claims or defenses nor "proportional to the needs of the case." *See* Fed. R. Civ. P. 26(b)(1). Indeed, Keys is proceeding on claims that certain defendants failed on three separate dates to seek or provide adequate medical care after he accidentally took the wrong medication, so evidence of the actions those defendants did or did not take in response is discoverable. Finding no reason to delay production any further, defendants must make available to Keys as soon as practicable but not later than September 16, 2020 all video footage of the three incidents as alleged in the complaint. Defendants don't have to provide Keys with his own copies at this point, but they must provide him with an adequate opportunity to view the videos in order to glean any useful information from them, and they must provide the videos to the court if later Keys wants them submitted in support of any motion, brief, or response that he files during this lawsuit.

ORDER

IT IS ORDERED that:

1) Plaintiff Louis Keys's motion to compel (dkt. 54) is GRANTED IN PART and DENIED IN PART in the manner and for the reasons stated above.

2) Defendants shall until September 16, 2020 to make available to Keys for viewing any existing video footage of the three incidents alleged in the complaint.

Entered this 2nd day of September, 2020.

BY THE COURT:

/s/

_____
STEPHEN L. CROCKER
Magistrate Judge