IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

LOUIS KEYS,

                Plaintiff,

v.

GABRIEL CHINIAS, LINDSAY WALKER,
OFFICER RAMSDEN, NURSE GIBBONS,
and SGT. EBBERT,

                Defendants.

OPINION AND ORDER

18-cv-303-wmc

*Pro se* plaintiff Louis Keys is proceeding against employees of Columbia Correctional Institution ("CCI") on Eighth Amendment and negligence claims related to three discrete instances between September 2017 and January 2018 when CCI staff mishandled his medications. Specifically, Keys alleges that three correctional officers and a nurse failed to provide proper medical treatment after he took the wrong medication, and a unit manager failed to take corrective action after the first incident. (Dkt. #21 at 11.) Before the court are two motions by Keys: a motion for leave to depose defendants and a motion to clarify or add claims. (Dkt. ##56, 84.)[1] For the following reasons, the court will deny both of Keys's motions.

**I. Motion for Leave to Depose Defendants**

Keys seeks leave to depose defendants. (Dkt. #56.) Under Federal Rule of Civil Procedure 30(b)(3), depositions must be recorded and the party requesting the deposition must pay for the recording and transcripts. The court does not have funds to pay for

---

[1] Defendants also have filed a motion to dismiss in part and for summary judgment, and Keys has filed a brief in opposition. (Dkt. ##58, 74.) The court will take up this motion in a separate order.

prisoners to take depositions. Since Keys has not indicated that he is willing to pay to record the depositions he requests, the court will deny his request. Keys may renew this request if he is willing to pay the costs associated with taking defendants' depositions and provides an updated prisoner trust fund account statement verifying that he had funds available for that purpose.

**II. Motion to Clarify or Add Claims**

Keys also seeks to amend his allegations regarding defendants Chinias and Ramsden and dismissed defendant Lloyd in the hope that the court will now allow Keys to proceed against them on previously dismissed claims related to the administration of incorrect medication. (Dkt. #84.) Specifically, Keys asks the court to reconsider allowing him to proceed against these correctional officers on claims that they each acted with deliberate indifference by giving Keys the wrong medication on September 8, 2017, December 3, 2017, and January 2, 2018, respectively. In support, Keys now alleges that each of these officers acted intentionally. (Dkt. #84 at 1.)

Keys gives no good reason for the nearly one-year delay in seeking this relief. The court would likely have been less skeptical of an earlier motion, but allowing Keys to proceed on these claims now, and against a previously dismissed defendant, would be simply too prejudicial to defendants, who have already devoted considerable resources to responding to Keys's other motions and to preparing their own dispositive motion. More importantly, Keys gives the court no reason to change its disposition of these claims. The court's screening order clearly explains why Keys cannot proceed against these correctional officers on these claims (dkt. #21 at 5), and Keys offers no factual allegations in support

of his new, conclusory assertion that each of these officers intentionally gave him the wrong medication. Accordingly, the court will deny his motion. *See Sound of Music v. Minnesota Mining and Mfg. Co.*, 477 F.3d 910, 922-23 (7th Cir. 2007) (explaining that a motion to amend a complaint may be denied as unduly prejudicial to the opposing party or ultimately futile).

ORDER

IT IS ORDERED that:

1) Plaintiff Louis Keys's motion for leave to depose defendants (dkt. #56) is DENIED.

2) Plaintiff's motion to clarify or add claims (dkt. #84) is DENIED.

Entered this 17th day of September, 2020.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge