IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

LOUIS KEYS,

                Plaintiff,

v.

GABRIEL CHINIAS, LINDSAY WALKER,
OFFICER RAMSDEN, NURSE GIBBONS,
and SGT. EBBERT,

                Defendants.

OPINION AND ORDER

18-cv-303-wmc

*Pro se* plaintiff Louis Keys filed suit under 42 U.S.C. § 1983 against employees of Columbia Correctional Institution. On September 17, 2020, the parties stipulated to dismiss this case with prejudice pursuant to Rule 41(a)(1)(A)(ii), and the court closed it the next day. (Dkt. ##91, 92.) Since then, Keys has filed three motions and a letter seeking to compel defendants to send his settlement check to his power of attorney as opposed to his institution or a lawyer.[1] (Dkt. ##95, 99, 102, 103.) The court denied Keys' first motion in a text-only order. (Dkt. #98.) For the following reasons, the court will also deny Keys' (1) motion for reconsideration of that order and (2) renewed motion to compel.

The court will not wade into this dispute because, as defendants note, the court lacks the authority to resolve it. There is no diversity jurisdiction under 28 U.S.C. § 1332. Moreover, the parties' stipulation, which does not reference a settlement or reserve the court's jurisdiction over such an agreement, took effect immediately upon its filing. Fed.

---

[1] Prior to dismissal, defendants sent plaintiff two letters indicating that they would not send a check to a non-attorney third party. (Dkt. #102-1.) Whatever agreement the parties ultimately reached is not part of the record.

R. Civ. P. 41(a)(1)(A); *Jenkins v. Vill. of Maywood*, 506 F.3d 622, 624 (7th Cir. 2007). The Seventh Circuit has declared in no uncertain terms that "when a suit is dismissed with prejudice, it is gone[.]" *Dupuy v. McEwen*, 495 F.3d 807, 809 (7th Cir. 2007); *see also Hill v. Baxter Healthcare Corp.*, 405 F.3d 572, 576 (7th Cir. 2005) ("[A] case that is dismissed with prejudice is unconditional; therefore, it's over and federal jurisdiction is terminated.").

Although a federal court may retain jurisdiction to enforce a settlement agreement after a case is dismissed by: (1) dismissing the case *without* prejudice and expressly retaining jurisdiction over the settlement agreement; or (2) incorporating the settlement agreement into the judgment, neither of these things occurred here. *Jones v. Ass'n of Flight Attendants-CWA*, 778 F.3d 571, 573 (7th Cir. 2015). Keys might have some type of contract claim, but that would arise under state law. *Id*. at 573-74 ("A disagreement about whether parties to a settlement have honored their commitments is a contract dispute."). Consequently, this court cannot exercise jurisdiction over the current dispute.

## ORDER

IT IS ORDERED that:

1) Plaintiff Louis Keys' motion for reconsideration (dkt. #99) is DENIED.

2) Plaintiff's motion to compel defendants to send the settlement check to his power of attorney (dkt. #102) is DENIED.

Entered this 26th day of October, 2020.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge